IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEBBIE SUE STEINBARGER**                                                              **PLAINTIFF**

**V.**                         **NO. 4:23-cv-1019-DPM-ERE**

**MARTIN O'MALLEY, Commissioner**
**Social Security Administration**                                                        **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge D.P. Marshall Jr. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I.   Introduction

On January 27, 2021, Debbie Sue Steinbarger filed a Title II application for a period of disability and disability insurance benefits. *Tr. 17*. On the same day, she also filed a Title XVI application for supplemental security income. *Id.* In both applications, Ms. Steinbarger alleged disability beginning on June 17, 2019. *Id*. In a November 18, 2022, written decision, an administrative law judge ("ALJ") found that Ms. Steinbarger was not disabled. *Tr. 17-31*. On August 31, 2023, the Appeals

Council denied Ms. Steinbarger's request for review, making the ALJ's denial of benefits the Commissioner's final decision. *Tr. 1-6*. Ms. Steinbarger has requested judicial review.

Ms. Steinbarger, who was fifty-two years old at the time of the hearing, completed high school and has past relevant work experience as a machine operator. *Tr. 43, 66*.

For the reasons stated below, the Court should reverse the ALJ's decision and remand for further review.

## II. The ALJ's Decision

The ALJ found that Ms. Steinbarger, who was age 49 on the alleged onset date, had not engaged in substantial gainful activity since the alleged onset date of June 17, 2019.[1] *Tr. 20, 28*. At step two, the ALJ determined that Ms. Steinbarger has the following severe impairments: disorders of the skin and subcutaneous tissues status post dog attack, headaches, cataracts, fractures as a result of a dog attack, post-traumatic stress disorder (PTSD), and anxiety. *Tr. 20*.

---

[1] The ALJ followed the required five-step analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment (Listing); (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

The ALJ found that Ms. Steinbarger did not have an impairment or combination of impairments meeting or medically equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. Next, the ALJ determined that Ms. Steinbarger had the residual functional capacity ("RFC") to perform light work with the following limitations: (1) no climbing of ladders, ropes, or scaffolds; (2) no exposure to moving machinery and unprotected heights; (3) no more than occasional climbing of stairs and ramps; (4) only occasional balancing, crawling, kneeling, stooping, and crouching; (5) no concentrated exposure to loud noise and vibrations; (6) can understand remember, and carry out simple tasks; (7) only occasional interaction with supervisors and coworkers but no interaction with the public; (8) supervision that is simple, direct, and concrete; and (9) no work requiring excellent vision but can work with larger objects, *i.e.*, the size of a shoebox; and (10) should avoid workplace hazards. *Tr. 21-22*.

At step four, the ALJ determined that Ms. Steinbarger is unable to perform her past relevant work. *Tr. 28*. At step five, relying upon testimony from a Vocational Expert ("VE"), the ALJ found that, considering Ms. Steinbarger's age, education, work experience, and RFC, a significant number of jobs existed in the national economy that she could perform, such as merchandise marker, cotton classer, and router. *Tr. 29-30*. Therefore, the ALJ found that Ms. Steinbarger was not disabled. *Id.*

## III.   Discussion

### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

4

### B. Ms. Steinbarger's Arguments for Reversal

Ms. Steinbarger contends that there is not substantial evidence supporting the ALJ's decision. She argues that the ALJ: (1) did not fully develop the record; (2) erred at step two and step three; (3) failed to adequately evaluate Ms. Steinbarger's subjective complaints; (4) formulated an RFC that did not fully incorporate all of Ms. Steinbarger's limitations; and (5) failed to resolve inconsistencies at step five between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). The Court finds support for reversal with respect to Ms. Steinbarger's final argument.

Ms. Steinbarger was attacked by her own dog on June 17, 2019, and the dog ripped off her face, nose, and eyelid. *Tr. 47, 497-511, 669-680*. She was airlifted to UAMS and underwent numerous reconstructive surgeries over a year period. *Id., Tr. 436-482*. In the end, she still has a leaky eyeball, myopia, a blind spot, and severe cataracts, accompanied by headaches, PTSD, depression, and panic attacks. *Tr. 47-64, 615-680*. Counseling notes from the relevant time-period show that Ms. Steinbarger struggles with self-worth, depression, nightmares, and insomnia to this day. *Id*. Ms. Steinbarger's conditions limit her capacity to perform daily activities. *Tr. 47-59 273-280*. She says that her leaky eyeball blurs her vision and constantly pours water out over anything she is handling in front of her. *Tr. 22-24, 47-65*.

5

The ALJ considered the evidence and proceeded through his five-step analysis. The ALJ's assigned RFC limited Ms. Steinbarger to jobs that did not require excellent vision, but she could work with "larger objects, i.e. the size of a shoebox." *Tr. 22*. It is unclear from the ALJ's questioning of the VE and the assigned RFC what he meant by working with larger objects, but not requiring excellent vision. The ALJ does not elaborate, and the VE's testimony only obfuscates the matter.

The ALJ posed hypotheticals to the VE including this specific RFC limitation, and the VE listed three jobs that Ms. Steinbarger could perform: merchandise marker (DOT 209.587-034), cotton classer (DOT 429.587-010), and router (DOT 222.587-038).[2] Doc. No. 10 at 23-26. Ms. Steinbarger's attorney correctly points out that, based on the DOT job descriptions, all of these jobs require at least some work involving small items, like stamps, tickets, cotton samples, pen, paper, etc. *Id*. All of these items are smaller than a shoebox, and they would require Ms. Steinbarger to read print or markings on these small items. *Id*. This presents a direct conflict at step five.

The ALJ did not appear to realize the confusion this creates, and he did not ask the VE for clarification. *Tr. 66-71*. When Ms. Steinbarger's attorney followed

---

[2] https://occupationalinfo.org/index.html.

up the examination of the VE with her own questions, the VE did not clear up the confusion. *Id*. And the ALJ failed to address the issue in his written opinion. *Tr. 29*.

The DOT descriptions of the jobs identified presented a direct conflict with the VE's testimony that Ms. Steinbarger could perform the work.[3] The ALJ did not resolve this conflict. His lack of clarity about this issue, both at the hearing and in his decision, frustrates meaningful judicial review.[4] Therefore, reversal is required.

## IV. Conclusion

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ erred at step five.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review.

SO ORDERED 5 June 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Before relying on VE evidence to support a determination that a claimant is not disabled, the ALJ has an affirmative responsibility to ask about "any possible conflict" between VE testimony and the DOT, and to obtain an explanation for any such conflict. *Renfrow v. Colvin*, 496 F.3d 918, 920-21 (8th Cir. 2007); *Stanton v. Berryhill*, 899 F.3d 555 (8th Cir. 2018).

[4] See *Chunn v. Barnhart*, 397 F.3d 667, 672 (8th Cir. 2005) (remanding because the ALJ's factual five-step findings were insufficient for meaningful appellate review).